IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

--------------------------------

BLUME HONEY WATER LLC,

                Plaintiff,

    v.

BYLT PERFORMANCE LLC,

                Defendant.

--------------------------------

**JURY TRIAL DEMANDED**

CIVIL ACTION NO: 2:20-cv-00927-RJC
The Hon. Robert J. Colville

## <u>AMENDED COMPLAINT</u>

Plaintiff, for its Amended Complaint ("**Complaint**"),[1] hereby avers:

## <u>THE PARTIES</u>

1.      Plaintiff is a Pennsylvania limited liability company with a place of business at

1382 Old Freeport Road, Suite 3B, Pittsburgh, PA  15238.

2.      Defendant is a Delaware limited liability company with a place of business at 3301

NE 1st Avenue, Suite M704, Miami, FL, 33137.

---

[1] Plaintiff amends its Complaint herewith in an effort to avoid early motion practice, but does so with reservations of rights and without waiver of the right to amend the pleadings at later stages of the litigation following discovery of evidence as adduced, to the fullest extent otherwise permitted by law.

## JURISDICTION

3.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §

1121 and 28 U.S.C. § 1331, 1338(a) and (b), federal questions involving infringement of a mark,

joined with claims for unfair competition.  Pendant jurisdiction over other claims arising from the

same nucleus of operative facts lies in consideration of judicial economy, convenience, and fair-

ness to litigants.

## VENUE

4.      The venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).  With-

out limiting all the reasons for which venue is proper in this judicial district, Plaintiff has its prin-

cipal place of business in this judicial district, the property rights of Plaintiff at issue exist with

Plaintiff in this judicial district, all or a substantial part of the events giving rise to the claim oc-

curred or are occurring in this judicial district, and the injury occurred and is occurring in this

judicial district.

## Averments Common to All Counts

5.      Plaintiff hereby incorporates by this reference paragraphs 1 through the prior par-

agraph of this pleading, inclusive, as fully set forth herein at length.

6.      Plaintiff is using "THE UNSUGAR" for formatives thereof (the "**Mark**") in con-

nection with beverage products.

7.      The Mark is owned by Plaintiff, is valid and is legally protectible.

8.      Plaintiff has an application for registration of the Mark at the United States Patent

& Trademark Office, Serial No. 88/975,248 (the "**x248 Mark**") claiming, "drinking water; bever-

ages for human consumption, namely, water beverages, aloe juice beverages, non-alcoholic honey-

based beverages, non-alcoholic beverages flavored with tea, non-alcoholic beverages with tea

flavor, fruit-based beverages, non-alcoholic water-based beverages, fruit juice beverages; flavored water; fruit drinks and fruit juices; energy drinks; beer; beer-based cocktails."

9.      Plaintiff also has a United States Patent & Trademark Office Mark application pending for "chewing gum; candies; honey; food, namely popsicles; food, namely honey used as a natural sweetener; food, namely natural sweeteners; fruit ice bar; non-medicated lozenges; honey candy bars for consumption; cookies, ice cream; tea; snack items, namely, honey popcorn, honey peanuts, honey cookies, honey crackers," being Serial No. 88/977,046 (the "**x046 Mark**").

10.     Plaintiff also has a United States Patent & Trademark Office Mark application pending for "Food supplements; dietary supplements; nutritional supplements; vitamins; health powder, namely, powdered nutritional supplement drink mix; nutritional supplement energy bars; health drinks, namely, nutritionally fortified beverages for medical purposes; clothing, namely, head wear, caps being headwear, bandannas, headbands, tee shirts, t-shirts, shirts, sweatshirts, hoodies, sweaters, jerseys, shorts, underwear, under garments, sweatsuits, sweatpants; association services, namely, promoting public awareness of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; membership club services in the nature of providing discounts to members in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; retail and wholesale store services featuring grocery store items; online retail and wholesale store services featuring grocery store items; wholesale and retail distributorship services in the field of merchandise related to nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; online wholesale and retail distributorship services in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; retail stores

featuring honey; promotional sponsorship of events themed regarding nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; advertising and promotion services for others; advertising and promotion services for others, namely, event marketing, promotion, creation and development; special event planning services for business purposes; advertising, marketing and promotion services; financial sponsorship search for community projects and enterprises; general business consulting; providing business information via a website featuring information in the fields of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, and mental health; providing online non-downloadable electronic newsletters, written articles, series of books, and white papers, all in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; providing online electronic newsletters delivered by e-mail in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; education services, namely, providing non-downloadable webinars in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; education services, namely, providing seminars and non-downloadable webinar in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; entertainment services, namely, honey tastings; entertainment services, namely, personal appearances by a athletes and celebrities; providing a website for entertainment purposes featuring information in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness, lifestyle, body health, spiritual health, mental health; providing a website for education and entertainment purposes featuring information in the field of nature, organics, food, natural sweeteners, health, bees, honey, nutrition, fitness,

lifestyle, body health, spiritual health, mental health," being Serial No. 88/213,620 (the "**x620 Mark**").

11.     The x248 Mark as been "allowed" by the United States Patent & Trademark Office.

12.     The x046 Mark and x620 Mark was reviewed and approved for "publication" by the United States Patent & Trademark Office

13.     The x248 Mark, x046 Mark and x620 Mark all have a statutory priority date by filing of December 2, 2018.

14.     On or about June 9, 2020, Defendant, by its legal counsel, issued a written claim ("**Cease and Desist Letter**"), sent to into this venue, that Plaintiff was in breach of certain trademark rights claimed by Defendant and demanding that Plaintiff concede its rights to the Mark.[2]

15.     Notwithstanding this prior pending action, Defendant subsequently filed "opposition" actions with the United States Patent & Trademark Office, specifically Opposition 91,256,738 for the x046 Mark and Opposition 91,256,739 for the x620 Mark, which applications are not applications claiming beverages, as set forth above.

16.     This U.S. Western District civil action includes all judiciable issues relating to the Mark, including regarding the registration, matters of state and federal law, statutory and common law rights, equitable relief and damages and legal relief, and any and all other issues arising from or related to the Mark.  The administrative action at the United States Patent & Trademark Office only addresses one issue, being the issue of registration of the Mark.

17.     Defendant has made overt claims and has asserted rights in the Mark and created a case and controversy regarding the Mark, and ownership of the Mark.  Although Defendant's

---

[2] Said letter was referenced expressly as, 'Cease and Desist Letter Regarding Blume Honey Water's Unauthorized Use of BYLT Performance's Trademark in the "THE UNSUGAR" Mark.'

assertion is ungrounded, Defendant has placed Plaintiff into immediate threat and jeopardy of legal action, which thereby creates a case or controversy ripe and judiciable for resolution.

18.     Defendant claims to be using the Mark in connection with beverage products.

19.     Defendant is using the Mark without authorization, justification or consent of Plaintiff.

20.     Upon information and belief, Defendant does not have valid rights or claims in the Mark and/or Plaintiff's rights are superior based upon usage or pursuant to the Federal Lanham Act or common law.

21.     Defendant's use of the Mark is without justification, privilege or license, and is injuring Plaintiff thereby.

22.     After the date of Plaintiff's filing the senior x248 Mark, x046 Mark and x620 Mark, Defendant filed two junior trademark applications for "UNSUGAR" with the United States Patent and Trademark Office with intent to deceive the United States Patent & Trademark Office, specifically U.S. Ser. Nos. 88/726,360 and 88/901,799; to wit,

        a.     that use of the mark claimed within the aforesaid two applications is unlawful and injuring Plaintiff;

        b.     that Defendant, by its officers, knew of Plaintiff's Mark and claim to the Mark and yet misrepresented to the United States Patent & Trademark Office that Defendant had exclusive rights in the Mark, which Defendant then and there knew to be untrue;

c.      that Defendant, by its officers, in a scheme to defraud the public and the United States Patent & Trademark Office, specifically "claimed around" Plaintiff's senior x248 Mark, by claiming "Carbohydrates used as an ingredient in the manufacture of sports drinks and functional beverages" in Defendant's 88/726,360 application.

d.      Upon information and belief, Defendant, by its officers, knew it has never sold "carbohydrates used as an ingredient" with the Mark.

23.     It is believed and averred that:

a.      Defendant, by its officers, purposefully, intentionally and willfully used and is using the Mark or a formative thereof knowing that Defendant's acts continue to create or are likely to create an association and confusion in the marketplace, and causes significant dilution to the value of the Mark.

b.      By said activity, Defendant, by its officers, has intentionally, recklessly and wantonly engaged in a course of conduct that has damaged and is damaging Plaintiff.

c.      Defendant's infringement of the Mark is likely to cause or is causing damage to Plaintiff.

d.      Defendant, by its officers, has used the Mark or a formative thereof that is, consists of, or comprises, a mark which so resembles the Mark and not abandoned, as to be likely, when used on or in connection with the goods or services identified with the Mark to cause confusion, mistake, deceive, lessen the ability of Plaintiff

to distinguish itself in the marketplace, cause confusion, mistake and/or an untrue sponsorship, affiliation or association, and/or otherwise be in violation of law.

24.     Although discovery is continuing, because Defendant is an entity and acts only through its officers, based upon information and belief, each officer who is natural person, participated in, coordinated, authorized and approved the scheme to infringe upon Plaintiff's rights. Each such person had actual and constructive knowledge of the rights of Plaintiff, but proceeded for the wrongful purposes averred in this Complaint.  Furthermore, each such person has, notwithstanding filing this action, continued their participation in the ongoing acts of infringement, unfair competition, dilution of Plaintiff's marks and reputation as well as otherwise averred herein.

25.     Defendant's actions infringe upon Plaintiff's common law rights as well as rights pursuant to the Lanham Act, including, but not limited to, Section 43(a) thereof.

## <u>COUNT I</u>

## <u>DECLARATORY RELIEF</u>

26.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

27.     Defendant's referenced Cease and Desist Letter creates a ripe and judiciable dispute regarding respective rights between the parties to the Mark.

28.     Plaintiff is entitled to declaration of exclusive ownership of the Mark and all formatives thereof likely to cause confusion with Plaintiff's Mark.

WHEREFORE, Plaintiff hereby demands judgment for declaratory relief.

## COUNT II

## VIOLATION OF LANHAM ACT BY USE OF FALSE DESIGNATION IN INTERSTATE COMMERCE, LANHAM ACT §43(a)

29.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

30.     Defendant is using the Mark, in a formative of "UNSUGAR."

31.     By virtue of the use by Defendant of the Mark as set forth above, Defendant has, on or in connection its goods or services used in commerce a word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

32.     Defendant's acts are in violation of Lanham Action, Defendant has used in connection with the aforesaid goods and/or services a false designation or origin, false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship and approval of Defendant's goods, services and commercial activities by Plaintiff.

33.     Defendant has, in Defendant's commercial advertising or promotion, misrepresented the nature, characteristics, qualities Defendant's goods services, or commercial activities, in violation of the Lanham Act.

34.     Plaintiff believes that it is or is likely to be damaged by said acts of Defendant.

35.     Upon information and belief, Defendant does business using the Mark in commerce in the Commonwealth of Pennsylvania and in interstate commerce.

36.     Based upon information and belief, each officer who is natural person, participated in, coordinated, authorized and approved the scheme to infringe upon Plaintiff's rights.  Each such person had actual and constructive knowledge of the rights of Plaintiff, but proceeded for the wrongful purposes averred in this Complaint.  Furthermore, each such person has, notwithstanding filing this action, continued their participation in the ongoing acts of infringement, unfair competition, devaluation of Plaintiff's marks and reputation as well as otherwise averred herein.

37.     Defendant's actions infringe upon Plaintiff's common law rights as well as rights pursuant to the Lanham Act, Section 43(a) thereof.

38.     In accordance with the above, Defendant has unfairly competed with Plaintiff and false advertised.

39.     Plaintiff has been injured by the use as aforesaid by Defendant and is entitled to all damages available in accordance with law.

WHEREFORE, Plaintiff hereby demands judgment for all damages permitted by law.

## COUNT III

## PENNSYLVANIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

40.     Plaintiff hereby incorporates by this reference paragraphs 1 through the prior paragraph of this pleading, inclusive, as fully set forth herein at length.

41.     Without permission or license, Defendant has intentionally used the Mark, designations or versions thereof that confuse or are likely to confuse the public, or to create an untrue affiliation or denote untrue sponsorship by Plaintiff.

42.     Defendant's acts and the injury caused thereby are occurring within the Common-wealth of Pennsylvania.

43.     Defendant's acts constitute unfair competition and an infringement of Plaintiff's common law rights in the Mark.

44.     The acts by Defendant are unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

45.     Defendant has infringed upon Plaintiff's proprietary and trademark rights in the Mark.

46.     Plaintiff has been injured by the use as aforesaid by Defendant and Plaintiff is en-titled to all damages available in accordance with law.

WHEREFORE, Plaintiff hereby demands judgment for all damages permitted by law.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. **Injunctive Relief.**  1(a).  **Enjoin Defendant.**  That this Court grant an injunction pursuant to the powers granted it under 15 U.S.C.A § 1116, enjoining and restraining Defendant, domain registrars, social media sites, index engines, and Defendant's agents, servants and employ-ees from directly or indirectly using the Mark or any other mark, word or name similar to the Mark which is likely to cause confusion, mistake or to deceive.

That this Court, pursuant to the power granted it under 15 U.S.C.S. § 1118, order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendant bearing the Mark and all plates and other means of making the same, shall be deliv-ered up to the Court for destruction.

1(b).   **Enjoin Defendant' Agents, Advertisers, Resellers, etc.**  That this Court grant an injunction enjoining and restraining Defendant and its agents, advertisers, distributors, resellers, servants and employees from (1) directly or indirectly using the Mark or any other mark, word or name similar to the Mark which are likely to cause confusion and (2) continuing any and all acts of unfair competition as herein alleged.

1(c).  **Specific Performance.**  That this Court order that Defendant notify all advertisers, agents, internet service providers and other contributing in the infringement to cease and desist contributing to the infringement, including but not limited to causing the re-indexing of all search engines on the Internet as well as transferring any domain names bearing the Mark to Plaintiff.

2.     **Declaration.**  Declare that Plaintiff has and shall have the exclusive and continued right to continue to use the Mark, including formatives thereof.

3.     **Accounting.**  That Defendant be required to account to Plaintiff for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiff by reason of said acts of infringement and unfair competition complained of herein.

4.     **All Permissible Damages.**  4(a) **Compensatory Damages.**  That the Court award Plaintiff compensatory damages in an amount to be proven at trial;

4(b)    **Statutory Damages.**  That this Court award Plaintiff statutory damages, pursuant to Federal and Pennsylvania law to the fullest extent provided by the respective statutes averred herein;

4(c) **Treble Damages.**  That this Court award Plaintiff TREBLE the amount of actual damages suffered by Plaintiff, pursuant to the statutes providing for such treble damages as averred herein.

4(d) **Punitive and Exemplary Damages.**  That this Court award punitive and exemplary damages against Defendant and in favor of Plaintiff in a sum to be determined at trial by reason of Defendant's fraud and palming off.

5.      **Cost of Litigation.**  That this Court award Plaintiff the costs of this action.

6.      **Attorneys' Fees.**  That this Court award Plaintiff all of its attorney fees.

7.      **Additional Damages.**  Furthermore, that this Court grant such other and further relief as it shall deem to be just and proper.

Dated: September 5, 2020

s/Gregg Zegarelli
Gregg R. Zegarelli, Esq.
Counsel for Plaintiff
PA I.D. #52717

Z E G A R E L L I
Technology & Entrepreneurial
 Ventures Law Group, P.C.
2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA  15241
412.833.0600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing **<u>AMENDED COMPLAINT</u>** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**TECHNOLOGY & ENTREPRENEURIAL VENTURES LAW GROUP, PC**

*<u>s/Gregg Zegarelli</u>*
Gregg R. Zegarelli

2585 Washington Road, Suite 134
Summerfield Commons Office Park
Pittsburgh, PA 15241
v. 412.833.0600 f. 412.833.0601
mailroom.grz@zegarelli.com
*Attorney for Plaintiff*